**AFFIRMED as MODIFIED and Opinion Filed May 25, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-20-00479-CR
_____

**EDWARDO ANGEL BECERRA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-53142-M**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

After Edwardo Angel Becerra violated conditions of his deferred adjudication community supervision, the trial court adjudicated him guilty and sentenced him to ten years in prison. On appeal, he brings three issues seeking to correct errors in the judgment. We sustain appellant's issues and modify the trial court's judgment to correct the errors. We affirm the trial court's judgment as modified.

In 2013, appellant pleaded guilty to unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04. The trial court deferred a finding of guilt and placed appellant on four years' community supervision. Over the course of the next several years, the trial court twice extended appellant's community supervision

and also modified the conditions.  In March 2020, the State filed an amended motion to revoke appellant's community supervision or proceed with an adjudication of guilt.  The motion alleged violations of his probation conditions D, H, J, K, L, M, N, Q, U, and CC, which involve his failure to (1) report, (2) pay court costs, fines, and various fees, (3) complete community service hours, and (4) participate in the court's IIP program and the residential substance abuse treatment program as well as his actions in possessing, consuming, or purchasing alcoholic beverages or illegal controlled substances.  Appellant entered an open plea of true to the allegations contained in the amended motion, and the trial court adjudicated him guilty and assessed punishment at ten years in prison.

On appeal, appellant has identified the following errors in the judgment: (1) it incorrectly lists section 46.05 of the penal code as the statute for the offense; (2) it incorrectly reflects that he pleaded true to the community supervision violations in exchange for  a plea bargain of ten years in prison when he actually entered an open plea of true; and (3) it incorrectly states that the trial court granted the State's original motion to adjudicate guilt, rather than the amended motion, and omits violations Q, U, and CC.  Having reviewed the record, we agree with appellant.

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so.   *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.3d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

We sustain appellant's issues. We modify the judgment to reflect (1) the statute for the offense is section 46.04 of the penal code, (2) there was no plea bargain agreement, and (3) appellant violated conditions D, H, J, K, L, M, N, N, Q, U, and CC, as set out in the State's Amended Motion to Revoke Probation or Proceed with an Adjudication of Guilt.

We affirm the judgment as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200479F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EDWARDO ANGEL BECERRA,
Appellant

No. 05-20-00479-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F13-53142-M.
Opinion delivered by Justice
Reichek; Justices Schenck and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) to show the "Statute for Offense" as section 46.04 of the Texas Penal
Code;

(2) to delete "10 YEARS TDCJ" and replace with "N/A" under "Terms
of Plea Bargain"; and

(3) to reflect appellant violated conditions D, H, J, K, L, M, N, Q, U,
and CC as set out in the State's AMENDED MOTION TO REVOKE
PROBATION OR PROCEED WITH AN ADJUDICATION OF
GUILT.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered May 25, 2021

–4–